UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL BRANDON WALLACE,

        Petitioner,                  Case No. 2:24-cv-12426

v.                                       Honorable Susan K. DeClercq
                                          United States District Judge

JEFF TANNER,

        Respondent.
_____/

**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS (ECF No. 6), AND GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (ECF No. 9)**

Joel Brandon Wallace, a state prisoner incarcerated at the Macomb Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on three grounds. ECF No. 1. Respondent filed a motion to dismiss the petition, asserting that Petitioner did not exhaust his state court remedies with respect to his third claim. ECF No. 6 at PageID.69–70. Respondent acknowledged that if this Court did not dismiss the petition, a stay of proceedings might also be an appropriate remedy. *Id.* PageID.71.

This Court ordered Petitioner to respond to the motion and indicate whether he wished to delete his unexhausted claim or return to state court to exhaust his third habeas claim. ECF No. 7. In response, Petitioner filed a motion to stay proceedings,

indicating his desire to return to state court. ECF No. 9. Petitioner asserts that a stay of proceedings and not dismissal is appropriate due to concerns presented by the statute of limitations. *Id.* PageID.3004. Petitioner also noted that Respondent would not be prejudiced by a stay because he will remain incarcerated while he exhausts his claim. *Id.*

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has demonstrated entitlement to a stay. He filed his present petition after about eight months ran on the one-year statute of limitations, presenting a timeliness concern if the petition were dismissed instead of stayed. As for "good cause," Petitioner asserts that the prosecutor's conduct at a post-trial evidentiary hearing revealed to him for the first time that false testimony and evidence was presented at trial. ECF No. 7-21 at PageID.2795. This claim is not "plainly

meritless" in the sense that it at least presents a cognizable issue on federal habeas review. Finally, there is no indication that Petitioner is engaged in dilatory tactics as he attempted to raise this issue for the first time in the Michigan Supreme Court – the first opportunity he had to file a pro se pleading. Thus, this Court will grant Petitioner's motion to stay, ECF No. 9, deny without prejudice Respondent's motion to dismiss, ECF No. 6, and hold the petition in abeyance.

Accordingly, it is **ORDERED** that Respondent's motion to dismiss, ECF No. 6, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner's motion to stay, ECF No. 9, is **GRANTED**, and his case will be **HELD IN ABEYANCE** pending Petitioner's exhaustion of his state court remedies. To that end, Petitioner must file his motion for relief from judgment in state court **on or before Wednesday, January 7, 2026**. He must then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself. If his motion for relief from judgment is denied, Petitioner must then pursue timely appeal through both the Michigan Court of Appeals and Michigan Supreme Court. If relief is denied, Petitioner must move to reopen this case **within 60 days after the conclusion of state post-conviction proceedings**. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Petitioner fails to comply with any of these

conditions, the Court may dismiss his petition and/or rule only on his exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

    **IT IS SO ORDERED**.

Dated: November 6, 2025                      */s/Susan K. DeClercq*
                                                      SUSAN K. DeCLERCQ
                                                      United States District Judge